BENJAMIN FRANKLIN PATTERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41953.    Promulgated October 13, 1930.

*B. G. Watson, Esq.,* for the petitioner.
*R. W. Wilson, Esq.,* for the respondent,

10

· OPINION.

BLACK: The respondent asserts that the books of account of the petitioner have continuously been kept and maintained on the completed contract basis and that the amounts representing 10 per cent of the contract prices withheld by the city of Columbus are properly included in the petitioner's taxable income in the year in which the contracts are actually completed, i. e., the year in which the streets became ready for service. From the record it is clear that settlements were made on the unit basis and that the petitioner's books were kept on the cash receipts and disbursements basis.

The 10 per cent retained by the city of Columbus was neither paid to the taxpayer nor placed at his disposal. Whether these amounts would ever be received depended upon the condition of the work installed five years after its completion.

In *Cleveland Trinidad Paving Co. et al.* v. *Commissioner*, 20 B. T. A. 772, we discussed a similar situation, where a part of the income involved in the proceeding arose under paving contracts with the city of Columbus, Ohio, the same as those involved in the instant case. The essential facts in the instant case and the *Cleveland Trinidad Paving Co.* case are practically identical, with the exception that the books of account of the *Cleveland Trinidad Paving Co.* were kept on the accrual basis. We there said:

* * * While the contracts here involved named a contract price for the several paving jobs, petitioners did not have the unqualified right to receive the full amount of such contract price upon completion of the work, as the contracts specifically provided that a portion was to be retained by the several municipalities as a guarantee fund for a specified period of time. The taxpayer had no unqualified contractual right in the taxable years to demand or receive the amounts withheld pursuant to the contracts. It did not know, and had no way of determining, what portion of the amounts withheld it would ultimately receive. The city government might have found it necessary to spend the entire sum for maintenance and left nothing for the contractor. * * *

and held that amounts withheld by municipalities under paving contracts as funds to guarantee maintenance of the paving for a period of years and which funds the municipalities might themselves expend for maintenance and repairs were not accruable as income to the contractor during the withholding period.

Since *Cleveland Trinidad Paving Co., supra,* and the cases cited therein are authority for the principle that a taxpayer on the

accrual basis is not required to include in income sums to be received in the future where there is a substantial contingency as to the amount to be received or the time of its receipt, it follows that, in the case of a taxpayer reporting on the cash receipts basis, until the expiration of the guarantee period the amount so withheld is not properly includable in income. Under such conditions, the amounts so withheld have not been received either actually or constructively. Of course any interest received on such withheld amounts should be reported as income in the year when received.

*Judgment will be entered under Rule 50.*